J-S36032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT STEPHEN FLEMING | : | |
| | : | |
| Appellant | : | No. 1404 EDA 2017 |

Appeal from the Judgment of Sentence November 23, 2015
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003920-2014

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED DECEMBER 18, 2020**

Appellant Robert Stephen Fleming appealed his Judgment of Sentence imposed after a jury convicted him of committing repeated sexual assaults of his minor daughter. This Court affirmed his Judgment of Sentence but vacated Appellant's Sexually Violent Predator ("SVP") designation pursuant to *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (*Butler I*). *See Commonwealth v. Fleming*, No. 1404 EDA 2017 (Pa. Super. filed Oct. 10, 2018 (vacating and remanding for notification of registration requirements). The Commonwealth filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which that Court granted. The Supreme Court summarily vacated our Order and remanded the case to this Court for reconsideration in light of *Commonwealth v. Butler*, 226 A.3d 972 (Pa.

2020) (**Butler II**). Our reconsideration is now the sole issue now before this panel.[1,2]

## Relevant Background

Relevant to our review, we note the following background. The same day that the sentencing court imposed an aggregate term of 37 to 86 years' incarceration, it adjudicated Appellant a sexually violent predator ("SVP") and informed Appellant of his lifetime registration requirement under the Sex Offender Registration and Notification Act ("SORNA") at 42 Pa.C.S.A. §§ 9799.10-9799.41, as both a Tier III offender and a SVP. On appeal, this Court affirmed Appellant's Judgment of Sentence in all respects, but *sua sponte* vacated Appellant's SVP status pursuant to **Commonwealth v. Muniz,** 164 A.3d 1189 (Pa. 2017), and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017) (**Butler I**), *allowance of appeal granted*, ___ A.3d ___ (Pa. 2018). We then remanded the case to the trial court for the sole purpose of issuing

_____

[1] Because the Pennsylvania Supreme Court did not vacate our affirmance of Appellant's Judgment of Sentence and remanded solely to reconsider our previous *sua sponte* vacatur of Appellant's SVP status, our disposition of the issues raised in Appellant's Brief addressed in **Commonwealth v. Fleming**, No. 1404 EDA 2017 (Pa. Super. filed Oct. 10, 2018), remains the same.

[2] On December 11, 2020, Appellant filed a "Motion for Discharge" challenging the trial court's subject matter jurisdiction. He argues that the legislature improperly enacted and wrongly published the statutes under which the Commonwealth charged him, and his convictions are, thus, void *ab initio.* Motion for Discharge, at 6-13, 27-29, 34-35, 39-41. Based on our review of relevant authority, we conclude the trial court properly exercised subject matter jurisdiction and Appellant's contentions are meritless. We, thus, deny Appellant's Motion for Discharge with prejudice.

appropriate notice of Appellant's registration obligation under 42 Pa.C.S.A. § 9799.23. The Commonwealth filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.

During the pendency of the allocatur petition, the Pennsylvania Supreme Court reversed **Butler I**. **See Commonwealth v. Butler**, 226 A.3d 972 (Pa. 2020) (**Butler II**). The Supreme Court then granted allowance of appeal in the instant case, summarily vacated our prior Order directing remand to the trial court, and remanded to this Court for reconsideration in light of **Butler II.**

### Butler I and II

This Court based its previous *sua sponte* remand on **Butler I**. In **Butler I**, this Court concluded that, in light of **Muniz**, "Section 9799.24(e)(3) of SORNA [regarding SVP designation] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen factfinder making the necessary factual findings beyond a reasonable doubt." **Butler I**, 173 A.3d at 1218.[3] However, on March 26, 2020, our Supreme Court reversed this Court's decision in **Butler I**. **See Butler II**, 226 A.3d 972, 976 (Pa. 2020).

In **Butler II**, the Pennsylvania Supreme Court concluded that the SVP designation—as well as the registration, notification, and counseling

---

[3] The Muniz Court relied on **Apprendi** and **Alleyne**, **infra**.

requirements specific to SVPs—"do not constitute criminal punishment and therefore the procedure for designating individuals as SVPs under Section 9799.24(e)(3) is not subject to the requirements of *Apprendi*[4] and *Alleyne*[5] and remains constitutionally permissible." *Id*. In other words, pursuant to *Butler II*, SVP designation is not a criminal punishment and, as such, passes muster under both *Apprendi* and *Alleyne*.

Thus, pursuant to *Butler II*, we cannot conclude that Appellant's SVP designation under SORNA is unconstitutional. Accordingly, Appellant's sentence is legal. We, thus, affirm Appellant's Judgment of Sentence.

Motion for Discharge denied with prejudice. Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/20

---

[4] *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that any facts, other than the fact of a prior conviction, that subject a defendant to any additional penalty beyond a statutory maximum must be submitted to a jury and be found proved beyond a reasonable doubt).

[5] *Alleyne v. United States*, 570 U.S. 99 (2013) (holding that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found by a jury beyond a reasonable doubt).